

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. Jay Jackson
County Attorney
Somervell County
Glen Rose, Texas

Dear Sir:

Opinion No. O-5244
Re: Under the given facts is the
Commissioners' Court of Somer-
vell County required to grant
another election for legaliz-
ing the sale of liquors that
do not contain alcohol in ex-
cess of 1% by volume?

Your letter of April 12, 1943, regarding the above
stated question reads in part as follows:

"On November 3, 1942 Somervell County-County
wide voted on the issue

"'For Prohibiting the sale of Beer containing
alcohol not exceeding four (4%) per centum by
weight,' and 'Against prohibiting the sale of
Beer containing alcohol not exceeding four (4%)
per centum by weight.'

On November 9, 1942, the Commissioners court of
said county canvassed the return of such election,
and declared the result to be that the voters at
such election had voted a majority in favor of
'For prohibiting the sale of beer containing al-
cohol not exceeding four (4%) per centum by weight',
and entered its order prohibiting the sale of beer
in Somervell county, Texas, such prohibiting to
date from thirty days after the date of such Order-.

"Now, there is presented to the Commissioners
Court of Somervell County, Texas, of this date,
April 12, 1943, a Petition asking for an election-
County wide in said County on the Issues of"

Honorable B. Jay Jackson, Page 2

    "'For legalizing the sale of vinous and malt
liquors that do not contain alcohol in excess of
fourteen (14%) per cent by volume,' and 'Against
legalizing the sale of vinous and malt liquors
that do not contain alcohol in excess of fourteen
(14%) by volume.'

    ". . . ."

    Your letter of April 19, 1943, with reference to
your letter of April 12th and the above stated question reads
in part as follows:

    "Thank you for the enclosed opinions from
your Department, relative to my request of date
April 12, received this date. After reading these
files we have concluded that our subject is not
covered in a manner that we feel like dispensing
with an opinion from you on the questions involved
in our immediate situation.

    "Please refer to our letter of 12th Inst. and
this letter, and note that in this we have re-
worded the question and now ask for early opinion
on the questions contained in this letter, to-wit:

    "'Since the County of Somervell voted Beer
out-county wide, Nov. 3, 1942 and the Commissioners
Court so ordered, on a canvassed returns, then in
said County the legal sale of Beer has been pro-
hibited since Dec. 9, 1942, is the Commissioners
Court of Somervell County, Texas, required to grant
another election-county wide, on a Petition now
before it, asking for an election, NOW, on the
issue "For legalizing the sale of vinous and malt
liquors that do not contain alcohol in excess of
14% by volume,"and "Against, ******within in less
than one year since the election of Nov. 3, 1942,
and on an issue that includes not in excess of 4%
by weight Beer.'"

    ". . . ."

    This department has heretofore ruled on the same
question presented in your inquiry in opinion No. O-682
(Conference Opinion No. 3047) and held in effect that the

Honorable B. Jay Jackson, Page 3

submission to the voters of a political subdivision of one statutory issue prescribed by Article 666-40, Vernon's Annotated Penal Code does not prevent the submission of a separate and distinct form of statutory issue prescribed by such Article less than one year later. We enclose a copy of this opinion for your convenience.

In view of our opinion No. O-682 (Conference Opinion No. 3047) it is our opinion that the fact that an election has been held in Somervell County less than a year ago upon the issue of legalizing the sale of beer that does not contain alcohol in excess of four percent (4%) by weight does not prevent the holding of an election at this time to submit to the voters the separate and distinct statutory issue upon the question of legalizing the sale of malt and vinous beverages that do not contain alcohol in excess of fourteen percent (14%) by volume and that the Commissioners' Court of Somervell County is required to grant or order a county-wide election on the petition now before it asking for such an election provided, of course, that the petition is signed by the required number of legal voters and in the proper form in all other respects. This opinion is not to be construed as passing upon the petition as to form, etc., which is not before us at this time.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:mp

APPROVED MAY 8, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY CHAIRMAN